FILED
2016 Oct-12  PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **BERNADINE GOODEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.:  1:15-CV-2217-VEH** |
| ) | |
| **CAROLYN W. COLVIN, ACTING** ) | |
| **COMMISSIONER, SOCIAL** ) | |
| **SECURITY ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Bernadine Gooden ("Ms. Gooden"), brings this action seeking judicial review of a final adverse decision of the Acting Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability insurance benefits ("DIB"). Ms. Gooden filed an application for DIB on July 11, 2013. Thereafter, Ms. Gooden timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the

Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision. Accordingly, the decision of the Commissioner must be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Gooden was a 56 years old female at the time of her hearing before the Administrative Law Judge (the "ALJ"). (Tr. 122). She has a high school education, one year of college at Talladega College, and graduated from Ayer State Technical College with an optical technician certificate. (Tr. 122). Her past work experiences have been as an optical mechanic (though more than 15 years ago), a top presser at Anniston Sportswear, and a small arm repairman at Anniston Army Depot (her last position). (Tr. 122-23). Ms. Gooden claims that she became disabled on June 25, 2013. Ms. Gooden claims her disability arises from a variety of factors, and her

2

treating doctor has diagnosed her with coronary artery disease, atherosclerotic cardiovascular disease, hyperlipidemia, hypertension, and depression. (Tr. 74, 447). Her last period of work ended on March 30, 2013.

Ms. Gooden filed her application for a period of disability and DIB on July 11, 2013. (Tr. 68, 146). Her date last insured was through December 31, 2017. (Tr. 71).

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth* at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the

court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2015.

4

is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;

(2)    whether the claimant has a severe impairment;

(3)    whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

(4)    whether the claimant can perform his or her past work; and

(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After consideration of the entire record, the ALJ made the following findings:

1.     Ms. Gooden met the insured status requirements of the Social Security Act through December 31, 2017. (Tr. 68, 71).

2.     She had not engaged in substantial gainful activity since June 25, 2013, the alleged disability onset date. (Tr. 71).

3.     She had the following severe impairments: hypertension, coronary artery disease, obesity, and status post perforated gastric ulcer. *Id*.[2]

4.     She did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 77).

5.     She had the residual functioning capacity ("RFC") to perform medium work as define in 20 C.F.R. Part 404.1567(c). (Tr. 78).

6.     She testified that she has a high school education. *Id.*

7.     She was able to perform past relevant work as a small arms repairman. (Tr. 82).

8.     Ms. Gooden had not been under a disability, as defined in the Social Security Act, from June 25, 2013, through the date of this decision. (Tr. 82-83).

## ANALYSIS

### I.     Introduction

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial

---

[2] Ms. Gooden does not contest the ALJ's finding regarding her severe impairments.

evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980).[3] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id*. (citing *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977)).

Ms. Gooden urges this court to reverse the Commissioner's decision to deny her DIB. She asserts that the ALJ improperly relied too heavily upon the opinion of the consultative physician and did not give enough weight to the treating physician's opinion. (Doc. 10). She also contends that the consulting physician's medical source statement is less than complete. (Doc. 10 at 2-3). Upon review, this court finds that the ALJ applied the treating physician rule correctly and that the ALJ's decision was supported by substantial evidence.

## II.   <u>The ALJ Properly Applied the Treating Physician Rule **and Provided Good Cause for Assigning Minimal Weight to Dr. Kamran's Opinion.**</u>

Ms. Gooden asserts that the ALJ improperly established her RFC on the report of a consultative physician, Dr. Anand Sathyan Iyer ("Dr. Iyer"), giving minimal weight to the opinion of the treating physician, Dr. Mohammad Kamran ("Dr.

---

[3] *Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decision of the former Fifth Circuit handed down prior to October 1, 1981).

Kamran"). (Doc. 10 at 2). Within the Eleventh Circuit the opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation marks omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

Good cause for affording only minimal weight to a treating physician's opinion exists when:

> (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; (3) or the treating physician's opinion was conclusory or inconsistent with his or her own medical records.

*Phillips*, 357 F.3d at 1241 (citing *Lewis*, 125 F.3d at 1440). "The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."). However, when the ALJ adequately states specific reasons for doing so, and those reasons are supported by substantial evidence, there is no such error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam).

On December 3, 2013, Dr. Kamran provided an opinion that Ms. Gooden can only sit as well as stand/walk for less than 2 hours during an 8-hour workday (Tr. 443). Dr. Kamran further opined that "[i]n [his] professional opinion, [Ms. Gooden] is permanently and totally disabled!" (Tr. 445). If fully credited, Dr. Kamran's opinion would preclude Ms. Gooden from performing her past relevant work as a small arms repairman.

In assigning only minimal weight to this treating source evidence, the ALJ found that "Dr. Kamran's statements regarding the claimant's physical limitations are inconsistent with his own medical findings." (Tr. 81). More specifically, the ALJ pointed out that while Dr. Kamran reports in his cardiac RFC questionnaire that Ms. Gooden suffers from a litany of cardiovascular-disabling symptoms, including chest pain, angina equivalent pain, shortness of breath, fatigue, weakness, edema, palpitations, and dizziness (Tr. 441), these symptoms are controverted by Dr. Kamran's underlying treatment records. (Tr. 81-82).

In particular, on multiple visits to Dr. Kamran, Ms. Gooden denied having cardiovascular pain, shortness of breath, or other heart-related symptoms. (*See, e.g.*, Tr. 368 ("The patient denies chest pain at rest, chest pain with exertion, chest pain at night, and shortness of breath.") (office visit dated June 25, 2013)); (Tr. 373 (same) (office visit dated April 8, 2013)); (Tr. 431 ("Patient denies shortness of breath with

9

exertion, swelling of hands or feet, leg cramps with exertion, bluish discoloration of lips or nails, chest pain or discomfort, difficulty lying down, racing/skipping heartbeats.") (office visit dated November 1, 2013)); (Tr. 436-37 ("Patient denies shortness of breath with exertion, swelling of hands or feet, leg cramps with exertion, bluish discoloration of lips or nails, chest pain or discomfort, difficulty lying down, racing/skipping heartbeats.") (office visit dated December 31, 2013)). Further, on the visit that immediately proceeded Dr. Kamran's filling out the cardiac questionnaire, he reports that Ms. Gooden's condition is "unchanged" and indicates, without any urgency, that she should schedule a return visit in 4 months. (Tr. 435).

None of the foregoing treatment records reflects a worsening of Ms. Gooden's condition caused by her coronary artery disease. If anything, these notes show that, under Dr. Kamran's care, Ms. Gooden has been able to effectively manage her subjective symptoms attributable to this impairment within her applicable disability period. Likewise, these same treatment records undermine the conclusion reached by Dr. Kamran on his cardiac questionnaire that the severity of Ms. Gooden's anginal pain "is 10 out of 10" with the "frequency . . . sometimes at rest, when doing normal routine during day. Pain in chest." (Tr. 441).

The ALJ did not completely disregard Dr. Kamran's opinion. If he had, then the ALJ would not have found Ms. Gooden's coronary artery disease to be a severe

impairment. (Tr. 71). Instead, the ALJ reasonably found Dr. Kamran's cardiac RFC relied too much on Ms. Gooden's "subjective allegations as opposed to his own objective findings in forming his assessment" and that "there exist legitimate reasons to question the reliability of [Ms. Gooden's] statements." (Tr. 82). A claimant's subjective complaints are not an acceptable basis for a medical opinion. *See* 20 C.F.R. § 404.1527(c); *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 528 (11th Cir. 2015) (holding that the ALJ properly gave little weight to the examining physician's opinion for several reasons, including that the doctor relied heavily on the claimant's subjective report of symptoms and limitations). Thus, the ALJ committed no error in his application of the treating physician rule as his reasons to give only minimal weight to Dr. Kamran's cardiac RFC are supported by substantial evidence.

## II.   The ALJ's Disability Determination Is Otherwise Supported by Substantial Evidence.

The ALJ considered Ms. Gooden's own testimony and the testimony of the consulting physician, Dr. Iyer, in concluding that Ms. Gooden was not disabled and retained a RFC to perform medium work.

### A.   The ALJ properly discounted the credibility of Ms. Gooden's subjective statements regarding her limitations.

In order to establish the credibility of her subjective complaints of pain and other symptoms, Ms. Gooden must prove "evidence of an underlying medical

condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986) (citing *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).

In *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002), the Eleventh Circuit reversed the district court's decision that the ALJ improperly applied the pain standard and found that the ALJ's decision was supported by substantial evidence because "the ALJ made a reasonable decision to reject Wilson's subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so." *Wilson*, 284 F.3d at 1226. "The standard also applies to complaints of subjective conditions other than pain." *Holt*, 921 F.2d at 1223 (citing *Jackson v. Bowen*, 873 F.2d 1111, 1114 (8th Cir. 1989)).

Here, the ALJ found that Ms. Gooden's statements regarding the disabling level of her limitations were inconsistent with other parts of the record. (Tr. 80). For example, the ALJ explained:

12

Although Ms. Gooden indicated in the disability report that she stopped working because of her conditions and other reasons [Tr. 287], she testified [instead] . . . that Anniston Depot terminated her in March 2013.

(Tr. 80).

The ALJ also found contradictions with Ms. Gooden's claim that she experienced frequent pain, had to elevate her legs 4 to 6 hours a day, that she was unable to walk more than 10 minutes daily, and that she was unable to exercise. (Tr. 81). These subjective allegations were at odds with Dr. Kamran's records which contrastingly report that Ms. Gooden walks "7+" times a week for exercise. (*See, e.g.*, Tr. 374 (notes from April 8, 2013, visit)); (Tr. 369 (notes from June 25, 2013, visit)). The ALJ also emphasized that Ms. Gooden's self-reported exertional activities of "watering her flowers, shopping for groceries, and attending church" were inconsistent with having only a minimal ability to walk and the need to elevate her legs for an extended period of time on a daily basis. (Tr. 81); (*see also* Tr. 289, 290 (Ms. Gooden's describing her activities on her Adult Function Report)).[4] Thus, the ALJ reasonably rejected the extent to which Ms. Gooden claimed her subjective symptoms were disabling.

---

[4] Ms. Gooden's statements about the numerous household chores she is able to do such as "cleaning, laundry, dishes, changes [the] bed, dust, clean mirror" (Tr. 288) also undermine her walking and leg elevating limitations. (Tr. 79).

### B.     The ALJ's Reliance Upon Dr. Iyer's Opinion Is Not Grounds for Reversible Error.

Ms. Gooden argues that the ALJ failed to construct a full and fair record, on the basis that the ALJ only considered the opinion of Dr. Iyer and that his opinion was incomplete, due to the omission of Ms. Gooden's heart disease as a diagnosed impairment. (Doc. 10 at 2-3, 8); (*see also* Tr. 424 ("There is no past history of heart disease.")). Ms. Gooden also argues that Dr. Iyer's opinion was incomplete because of its generalized structure as compared to the more specific cardiac RFC completed by Dr. Kamran. (Doc. 10 at 3); (*see also* Tr. 425 ("In the current condition, the patient does not have significant limitation of functions involving: standing, walking, handling, bending, lifting, twisting, hearing, or speaking.")).

The ALJ has the obligation to establish a fair and full record. A developed record not only ensures that the ALJ has fulfilled his "duty. . . to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," but it also enables the reviewing court "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *See Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988) (internal quotation marks omitted) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

As the undersigned has previously observed regarding this duty:

[A]n ALJ is ultimately responsible for the RFC, which is an administrative finding, not a medical evaluation. See 20 C.F.R § 404.1527(e)(2) ("Although we consider opinions from medical sources on issues such as . . . your [RFC] . . . the final responsibility for deciding these issues is reserved to the Commissioner."). Although medical evaluations about a claimant's RFC are often valuable, they are not required when making an RFC finding. *See Langley v. Astrue*, 777 F. Supp. 2d 1250, 1258 (N.D. Ala. 2011) ("[T]he court concludes that the law of this circuit does not required [sic] an RFC from a physician."); *see also Green v. Social Security Admin.* 223 Fed. Appx. 915, 922-24 (11th Cir. 2007) (ruling that an ALJ's RFC can be substantially supported when it disregards the only medical evaluation made by a doctor); *Castle v. Colvin*, 557 Fed. Appx. 849, 853 (11th Cir. 2014) ("The ALJ discredited [claimant's subjective complaints of pain] by explaining that this pain had not require[d] routine or consistent treatment, and [the claimant] often went for months or years between complaining of this pain to his physicians.") (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005))).

The Eleventh Circuit has afforded significant latitude to the ALJ in determining whether additional medical evidence is needed to make an informed RFC determination: the ALJ "has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001) (citation omitted))). The ALJ is thus expected to interpret the totality of the record, including any available medical information, and may use her judgment as to whether an additional medical examination is required.

*Tucker v. Colvin*, No. 2:15-CV-0629, 2016 WL 3519391, at *8 (N.D. Ala. June 28, 2016) (emphasis added). Therefore, because *Tucker* indicates that an ALJ can appropriately formulate an administrative RFC without relying upon any medically-

15

based RFC, he can similarly rely upon a medically-based RFC that omits a reference to severe impairment so long as his decision is otherwise supported by substantial evidence.

The ALJ found that Ms. Gooden had the severe impairments of hypertension, coronary artery disease, obesity, and status post perforated gastric ulcer. (Tr. 71). While the ALJ afforded greater weight to Dr. Iyer's medical opinion in terms of formulating Ms. Gooden's RFC, he did not fully discount the opinions of Ms. Gooden's treating physicians, including her cardiologist, Dr. Kamran (Tr. 81-82). This is reflected in the ALJ's inclusion of Ms. Gooden's coronary artery disease as one of her severe impairments.

Further, "[i]t is clear from this record that the ALJ did not engage in reversible error here because []he looked at the totality of the evidence in making h[is] RFC determination." *Tucker*, 2016 WL 3519391, at *8. More specifically, the ALJ assessed Ms. Gooden's complete medical history, including the underlying treatment notes from Dr. Kamran that demonstrate no significantly disabling heart-related symptoms during Ms. Gooden's claimed period of disability.

The ALJ also appropriately relied upon Ms. Gooden's self-reporting statements that confirmed the absence of physical limitations that would preclude her from performing medium work. In sum, "due to the relative simplicity of [Ms. Gooden]'s

medical record, additional medical testing was not needed and, thus, no reversible error occurred." *Id.* (citing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996) ("[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment.")).

The court similarly rejects Ms. Gooden's argument that the ALJ incorrectly relied on Dr. Iyer's vocationally-related opinion because of its more generalized format. Ms. Gooden cites to no case law that supports this curious contention and this court is unaware of any such binding requirement. Thus, Ms. Gooden's position that the ALJ committed reversible error for this reason is underdeveloped and unavailing. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Moreover, as discussed above, the ALJ did <u>not</u> solely base his RFC formulation on the consultative report provided by Dr. Iyer and a totality of the record substantially supports the ALJ's disability determination. Therefore, a remand is simply not warranted. *See Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per

17

curiam) ("In evaluating the necessity for a remand, we are guided by 'whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. Unit A July 1981))).

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submission of the parties, the court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this 12th day of October, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge